UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DeANDRE L. NELSON,

    Plaintiff,

v.                                               Case No. 3:22-cv-11903

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

DeAndre L. Nelson, who is presently confined at the Gus Harrison Correctional Facility, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the Michigan Department of Corrections. For the reasons stated below, the court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

**I. BACKGROUND**

Plaintiff is proceeding in forma pauperis under the Prison Litigation Reform Act. Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). Under the PLRA, the court is required to dismiss any prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

1

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); see also *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## II.  DISCUSSION

Plaintiff claims that on August 21, 2019, while a prisoner at the St. Louis Correctional Facility, he was physically assaulted and injured by another prisoner, Glenn. Following the assault, Plaintiff claims that the Department of Corrections failed to comply with its own policy directives and state law by "not making the complaint to the court of law [regarding] the offense." (ECF No. 1, PageID.21.) Plaintiff does not assert

2

that the MDOC nor any of its employees were aware of any specific threat posed by Glenn to Plaintiff before the assault.

Plaintiff's complaint focuses on the MDOC's failure to prosecute or otherwise punish Glenn following the assault. He asserts that the MDOC violated its own PD 03.03.130(I)(5), which provides: "Activity against a prisoner that may constitute a felony shall be reported to appropriate law enforcement authorities. In addition, prisoners shall be subject to the Department disciplinary process in accordance with PD 03.03.105 'Prisoner Discipline.'"[1] Plaintiff asserts that the assault should have been reported under this policy because Glenn's assault constituted an offense under Michigan Compiled Law §§ 19.141-145, involving criminal conduct occurring on State owned property.

The complaint is subject to summary dismissal for two reasons. First, prisoners have a constitutional right under the Eighth Amendment to be free from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016). As a result, prison officials may not remain deliberately indifferent to the risk of harm a prisoner may face at the hands of another prisoner, and they have a duty to protect prisoners from such violence. *Farmer*, 511 U.S. at 833 (1994).

To sustain a claim for deliberate indifference to a substantial risk of serious harm, a plaintiff must satisfy an objective and subjective component. The objective component requires a showing "that absent reasonable precautions, an inmate is exposed to a

---

[1] *See* https://www.michigan.gov/corrections/-/media/Project/Websites/corrections/Files/Policy-Directives/PDs-03-General-Operations/PD-0303-Management-of-Offenders/03-03-130-Humane-Treatment-and-Living-Conditions-for-Prisoners-effective-10-01-19.pdf?rev=d0852c2da75b46e5a3fd6d6f5dea45b7

substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013). The subjective component requires a showing that (1) the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk. *Richko*, 819 F.3d at 915.

Plaintiff's complaint fails to state any facts to satisfy either the objective or the subjective components of a failure-to-protect claim. Plaintiff does not allege any facts, for example, that there is a lack of security or other precautions at the St. Louis Correctional Facility that exposed him to a substantial risk of serious harm at the hand of other inmates. Nor does the complaint contain any allegations that any of the individuals working for the MDOC were aware of and disregarded any particular risk to Plaintiff from prisoner Glenn. Therefore, the complaint fails to state a failure-to-protect claim.

Next, the complaint is subject to dismissal because the only Defendant named in the complaint – the Michigan Department of Corrections – is immune from suit. The Eleventh Amendment shields States from suit, and this immunity extends to the MDOC. *See Brown v. Washington*, No. 19-1308, 2020 U.S. App. LEXIS 8342, 2020 WL 1492020, at *2 (6th Cir. Mar. 16, 2020) ("[A]s an arm of the State, the Michigan Department of Corrections is absolutely immune from suit under the Eleventh Amendment."); *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001) ("Because the MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity.") (internal citations omitted).

4

Accordingly, Plaintiff's complaint is subject to summary dismissal under §§ 1915(e)(2) and 1915A because he fails to state a deliberate-indifference claim and because the named Defendant is immune from suit.

### III. CONCLUSION

IT IS THERFORE ORDERED that the Complaint is SUMMARILY DISMISSED WITH PREJUDICE.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2022, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (810) 292-6522